UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ROOFING INDUSTRY ) <br> PENSION PLAN and JOHN MARTINI, ) <br> as trustee of the National Roofing ) <br> Industry Pension Plan, ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> DAVID SIELFLEISCH ROOFING, INC., ) <br> ) <br>     Defendant. ) | Case No. 4:10CV1086MLM |

**MEMORANDUM OPINION**

On September 7, 2010 a hearing was held on plaintiffs' Motion for Default Judgment. [Doc. 8] Plaintiffs were represented by James R. Kimmey. Defendant did not appear.[1]

Plaintiffs proffer that their testimony would be identical to the information set out in their Motion and the two Affidavits in Support.[2]

**FINDINGS AND CONCLUSIONS**

On June 17, 2010 plaintiffs filed a Complaint in this court claiming monetary damages and equitable relief from defendant David Sielfleisch Roofing, Inc. for failure to make appropriate fringe benefit contributions on behalf of its employees

---

[1] At the hearing, counsel for plaintiffs assured the court that notice of the hearing had been sent to defendant at the registered address. Plaintiffs filed a Certificate of Service. (Doc. 11) In addition, the docket sheet reflects notice was sent to defendant by the Clerk's Office (8-30-10 remark).

[2] The court indicated that if defendant had appeared and wanted cross examination, arrangements would be made for plaintiffs' witnesses to testify.

to the National Roofing Industry Pension Plan ("NRIPP"). The plaintiffs are an employee benefit plan established and operated pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 10001, *et seq*. and a duly appointed and acting fiduciary of that employee benefit plan.

Defendant is a corporation organized under the laws of the State of Missouri, doing business within this judicial district. As such, defendant is not an infant, an incompetent, or a member of the Armed Services of the United States. Defendant is party to a collective bargaining agreement with the United Union of Roofers, Waterproofers & Allied Workers, Local Union No. 2, A.F.L.-C.I.O. that requires defendant to make monthly contributions to the NRIPP, based on the number of hours worked by defendant's employees covered under the collective bargaining agreement. Defendant is required to make monthly written reports to NRIPP listing the number of covered employees, the number of hours worked by each category of employee, and the amounts payable to the NRIPP. Defendant was delinquent or failed to submit contributions payments for the months February 2009 through the present.

On July 2, 2010 defendant was served with the Summons and Complaint. (Doc. 3) Defendant's Answer was due July 23, 2010. Defendant failed to plead or otherwise respond to defend this action.

On August 24, 2010 the Clerk of the Court entered default against defendant in this action pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 7)

For the period February 2009 through August 2009 defendant owes $9,869.02 in delinquent contributions; $2,349.88 in interest, computed through August 31, 2010, on all delinquent contributions at a rate of 1-½% per month from the due date; and $3,155.90 in liquidated damages at the rate of 20% of the delinquent contributions. See Exhibit A, to plaintiffs' Motion, Affidavit of Robbie D. Goodrich.

Defendant failed and refused to submit reports and contribution payments for the period of September 2009 through the date of plaintiffs Motion. Because defendant has failed to submit reports as required, the full amount of any delinquency for this period is unknown. By using the last report submitted by defendant for the month of August 2009, plaintiff has estimated that defendant owes the NRIPP for the period September 2009 through July 2010, $35,376.00 in delinquent contributions, $7,075.20 for liquidated damages and $2,930.89 in interest as of August 31, 2010. See Exhibit A to plaintiffs' Motion, Affidavit of Robbie D. Goodrich.

The plaintiffs' reasonable attorney's fees in this action are $3,482.85. The plaintiffs total costs in this action are $502.91. See Exhibit A to plaintiffs' Motion, Affidavit of Robbie D. Goodrich and Exhibit B to plaintiffs' Motion, Affidavit of Angela M. Atkinson.

Section 502(g)(2) of ERISA provides that in an action brought to enforce §515 of the Act in which a judgment in favor of the plan is awarded, the Court "shall" award the Plan (1) the unpaid contributions, (2) interest on the unpaid

contributions; (3) liquidated damages not in excess of 20% of the unpaid contributions, (4) the plan's reasonable attorney's fees and costs of the action, and (5) other legal and equitable relief the court deems appropriate. 29 U.S.C. § 1132(g)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Default Judgment is **GRANTED**. [Doc. 8]

**IT IS FURTHER ORDERED** that Default Judgment shall be entered against defendant in the following amounts:

| | |
|---|---|
| Fringe Benefit Contributions: | $45,245.02; |
| Liquidated Damages: | $10,2 31.10; |
| Interest: | $ 5, 280.77; |
| Costs: | $    502.91; |
| Attorney's Fees: | $ 3,482.85; |
| **TOTAL:** | **$64,742.65** |

**IT IS FURTHER ORDERED** that a separate Default Judgment shall issue this date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2010.